UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

Plaintiff,

v.

NOLEN, et al.,

Defendants.

CAUSE NO.: 3:24-CV-183-TLS-APR

**OPINION AND ORDER**

Christopher L. Scruggs, a prisoner without a lawyer, filed a Complaint [ECF No. 2]. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the Complaint, Scruggs alleges that, on or around January 9, 2024, Lieutenant Crittendon placed him in a receiving cell without access to water, a toilet, and other amenities because Scruggs had initiated a hunger strike. Lieutenant Crittendon also prevented Scruggs from receiving a mattress for eleven hours, requiring Scruggs to either sit on the hard, unsanitary floor or stand.

Based on these allegations, Scruggs asserts that Lieutenant Crittendon retaliated against him for initiating a hunger strike, which, he contends, amounts to protected speech. To state a claim of First Amendment retaliation, Scruggs must allege" that (1) he engaged in activity

protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). It is unclear whether a prisoner hunger strike amounts to protected speech. *See Hayes v. Brookhart*, No. 20-CV-944, 2024 WL 1331794, at *10 (S.D. Ill. Mar. 28, 2024) ("'[N]either the Supreme Court nor the Seventh Circuit has directly discussed' whether prisoner hunger strikes is an expressive conduct protected under the First Amendment." (quoting *Birdo v. Dave Gomez*, 214 F. Supp. 3d 709, 718 (N.D. Ill. 2016))). Nevertheless, Scruggs may proceed on this claim at this early stage of the proceedings.

Later that night, at 3:00 a.m., Scruggs asked Officer Williams, Officer Smith, an unidentified correctional officer, Sergeant Nolen, and Lieutenant Jones to use the bathroom and for water. They ignored his requests, which culminated in a series of events in which, in front of a surveillance camera, Scruggs urinated in his drinking cup and defecated on himself and on his boxers on the floor.

Based on these allegations, Scruggs asserts that Officer Williams, Officer Smith, an unidentified correctional officer, Sergeant Nolen, and Lieutenant Jones acted with deliberate indifference to his basic human needs. For deliberate indifference claims under the Eighth Amendment, "the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). "An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, such as adequate food, clothing, shelter, and medical care." *Id.* at 309–10. Scruggs may proceed on an

Eighth Amendment claim based on these allegations against Officer Williams, Officer Smith, Sergeant Nolen, and Lieutenant Jones.

However, Scruggs may not proceed against the unidentified correctional officer. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." (cleaned up)). Based on the same allegations, Scruggs also asserts a First Amendment retaliation claim against Sergeant Nolen. This claim would be redundant with the Eighth Amendment claim described above, so Scruggs may not proceed on a First Amendment claim based on these allegations. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion. Because they all involve the same set of facts . . . , they would be redundant even if we found that he stated a claim."); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing claims based on the same circumstances because the claim "gains nothing by attracting additional constitutional labels"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit source of constitutional protection").

Next, Scruggs alleges that, on January 13, 2024, Sergeant Nolen was working near Scruggs' cell and the following interaction occurred:

**Sergeant Nolen:** I'm surprised Scruggs is not at the door complaining about something.

**Scruggs:** Take your fat ass on if you think you're going to be harassing me, you are sadly mistaken.

**Sergeant Nolen:** You are the one with the fat ass. Me, Critt, and Big House were just watching the video of you taking a shit and that ass is fat.

Compl. 6, ECF No. 2. When Scruggs asked to submit a Prison Rape Elimination Act (PREA) grievance, Sergeant Nolen said, "Don't be mad because you got a sex tape." *Id.* at p. 7.

Scruggs appears to assert an Eighth Amendment claim of psychological harm against Sergeant Nolen. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). However, in certain situations, "verbal harassment can rise to a level that violates the Eighth Amendment." *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). Though it is unclear whether this incidence of mutual antagonism amounts to an Eighth Amendment violation, Scruggs may proceed on this claim against Sergeant Nolen at this early stage of the proceedings.

Finally, Scruggs alleges that, Officer Baity retaliated against him for submitting a PREA grievance by finding that the grievance was false and sharing his finding with Sergeant Killingsworth and Captain Farley. He further alleges that Sergeant Killingsworth retaliated against him for submitting a PREA grievance and for asking him to follow legal mail policy by issuing a conduct report for submitting a false grievance. Additionally, he alleges that Captain Farley retaliated against him for submitting a PREA grievance by signing the conduct report for submitting a false grievance. Scruggs may proceed on claims of First Amendment retaliation against these defendants.

Scruggs is not proceeding in forma pauperis. Therefore, the Court will not serve the Defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the Defendants with a copy of the Complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the Court

(1) GRANTS Christopher L. Scruggs leave to proceed on a First Amendment claim for compensatory and punitive damages against Lieutenant Crittendon in his individual capacity for retaliating against him for initiating a hunger strike by placing him in a receiving cell and by refusing to provide a mattress for eleven hours on or around January 9, 2024;

(2) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Officer Williams, Officer Smith, Sergeant Nolen, and Lieutenant Jones in their individual capacities for acting with deliberate indifference to basic human needs against him by refusing to allow access to a toilet and drinking water on or around January 9, 2024;

(3) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Sergeant Nolen for verbally harassing Scruggs in connection with a surveillance video recording on or around January 13, 2024;

(4) GRANTS Christopher L. Scruggs leave to proceed on a First Amendment claim for compensatory and punitive damages against Officer Baity, Sergeant Killingsworth, and Captain Fairley for retaliating against him for submitting grievances and complaining about compliance with legal mail policy by issuing a conduct report in connection with the PREA grievance submitted on January 15, 2024;

(5) DISMISSES Lady Correctional Officer;

(6) DISMISSES all other claims;

(7) DIRECTS Christopher L. Scruggs to make arrangements to serve Sergeant Nolen, Lieutenant Jones, Lieutenant Crittendon, Officer Williams, Officer Smith, Sergeant Killingsworth, Captain Farley, and Officer Baity; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Nolen, Lieutenant Jones, Lieutenant Crittendon, Officer Williams, Officer Smith, Sergean7t Killingsworth, Captain Farley, and Officer Baity to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 7, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT