UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

    v.

NOLEN, et al.,

    Defendants.

CAUSE NO.: 3:24-CV-183-TLS-APR

**OPINION AND ORDER**

Christopher L. Scruggs, a prisoner without a lawyer, proceeds in this case on: (1) a First Amendment claim against Lieutenant Crittendon in his individual capacity for retaliating against him for initiating a hunger strike by placing him in a receiving cell and by refusing to provide a mattress for eleven hours on or around January 9, 2024; (2) an Eighth Amendment claim against Officer Williams, Officer Smith, Sergeant Nolen, and Lieutenant Jones in their individual capacities for acting with deliberate indifference to basic human needs against him by refusing to allow access to a toilet and drinking water on or around January 9, 2024; (3) an Eighth Amendment claim against Sergeant Nolen for verbally harassing Scruggs in connection with a surveillance video recording on or around January 13, 2024; and (4) a First Amendment claim against Officer Baity, Sergeant Killingsworth, and Captain Fairley for retaliating against him for submitting grievances and complaining about compliance with legal mail policy by issuing a conduct report in connection with the PREA grievance submitted on January 15, 2024. ECF No. 6. The Defendants filed the pending motion for summary judgment, arguing that Scruggs did not exhaust administrative remedies with respect to any of his claims. ECF No. 32.

In an affidavit, Gregory Gill, litigation liaison at the Westville Correctional Facility, attests that a grievance process is available to inmates. ECF No. 32-1. The policy sets forth a three-step grievance process. *Id.* First, an inmate must file a formal grievance with the grievance specialist. *Id.* Inmates must submit formal grievances within ten business days of the incident at issue. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* Grievances must be submitted on a completed State Form 45471. ECF No. 32-2 at 9.

According to Gregory Gill, Scruggs would have needed to submit grievances relating to his claims in this case in January 2024 for them to be timely. ECF No. 32-1. However, departmental grievance records indicate that Scruggs did not submit any grievances that month and never submitted any grievances relating to his claims in this case. ECF No. 32-3.

In response, Scruggs attests that he submitted grievances relating to his claims and attaches handwritten copies of these grievances. ECF No. 38-1; ECF No. 46-1. He attests that, while the handwritten copies filed in this case are not on the proper grievance form, the original grievances submitted to the grievance office were completed on the proper form. ECF No. 46-1. According to these handwritten copies, on January 13, 2024, Scruggs submitted a grievance about his placement in a receiving cell without a mattress for eleven hours and the denial of access to a bathroom or drinking water on January 9, 2024, and his verbal altercation with Sergeant Nolen regarding a surveillance video recording on January 13, 2024. ECF No. 38-1 at 7. On February 7, 2024, Scruggs submitted a grievance alleging that the conduct report he received that same day was retaliation for filing a PREA grievance and for complaining about

staff compliance with legal mail policy. *Id.* at 21. The conduct report was prepared by Captain Fairley on January 16, 2024. ECF No. 2-1 at 5. Scruggs further attests that he never received a response to these grievances. ECF No. 38-1 at 2–5. On February 26, 2024, Scruggs filed the complaint in this case with the same handwritten copies of grievances attached, attesting that he had submitted the grievances but that the facility did not respond to them. ECF No. 2 at 10.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted).

To start, the Court rejects the suggestion that Scruggs would have needed to submit the grievance relating to the allegedly retaliatory conduct report in January 2024. Though the

3

conduct report was written on January 16, 2024, the undisputed evidence indicates that Scruggs did not receive notice of the conduct report until February 7, 2024. As a result, the Court finds that notice of the conduct report served as starting point for the 10-day period to submit a grievance and that a grievance relating to the allegedly retaliatory conduct report would have been timely if it was submitted on February 7, 2024.

The parties dispute whether Scruggs submitted any grievances relating to his claims. The Defendants rely upon the departmental grievance records, which suggest that Scruggs never submitted any grievances relating to his claims. Scruggs attests that he submitted such grievances and provides handwritten copies of them. The Court finds a genuine dispute of material fact as to whether Scruggs submitted these grievances. Therefore, the motion for summary judgment is denied.

For these reasons, the Court:

(1) DENIES the Motion for Summary Judgment [ECF No. 32];

(2) ORDERS the Defendants to file a notice by May 30, 2025, as to whether they intend to withdraw the exhaustion defense or proceed with a hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); and

(3) CAUTIONS the Defendants that, if they do not respond by this deadline, the affirmative defense of failure to exhaust administrative remedies will be forfeited.

SO ORDERED on May 6, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT